# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40838
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2018

Lyle W. Cayce
Clerk

FRANKLIN GLOBAL RESOURCES,

     Plaintiff - Appellant

v.

INDUSTRIAL BANK OF KOREA,

     Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CV-4

Before CLEMENT, COSTA, and WILLETT, Circuit Judges.

PER CURIAM:*

     Appellant Franklin Global Resources contracted with Shinjeong Steel & Trading Co., to sell 3,000 metric tons of scrap metal for $1,185,000. This contract depended upon securing credit from Appellee Industrial Bank of Korea (IBK) to fund the purchase. Franklin and Shinjeong approached IBK and procured a documentary letter of credit (LC), which memorialized IBK's

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

obligation to provide the funds after certain conditions were satisfied, including presentment of documents such as the commercial invoice, the bill of lading, and the insurance policy certificate.

Shortly thereafter, Shinjeong and Franklin entered an amendment to their sales contract stating:

> The Seller has requested that the Buyer instruct their bank to issue a Cancelation/Termination of the existing Documentary Letter of Credit No: M0493208NS00185 immediately and upon notification of the SWIFT Cancellation/Termination the Seller [Franklin] will issue new bank coordinates within 72 hours or less for the DLC to be re-issued to.

In accordance with this language, IBK cancelled the LC. IBK did not, however, issue a new LC, and it never provided the $1,185,000. Franklin did not present the documents under the original LC, and the 3,000 metric tons of steel were never shipped.

Franklin sent a letter to IBK stating: "[P]lease accept this letter as presentment under the existing Letter of Credit, and if such was cancelled, then under the re-issued Letter of Credit. If the Letter of Credit is not re-issued this letter constitutes a demand to make presentment pursuant to the Application of Shinjeong for the Letter of Credit anticipated in the underlying contract for transaction between Franklin and Shinjeong. . . . If IBK is anticipating not issuing the Letter of Credit pursuant to the applications and instructions of Shinjeong, then Franklin is hereby requesting deposit of $1,185,000.00 into my Trust Account, by wire transfer." IBK did not respond to this letter.

Franklin brought suit against IBK,[1] and asserted claims of tortious interference with prospective contract; breach of contract and tortious

---

[1] Franklin also sued other entities not party to this appeal.

interference with contract; conspiracy to interfere with contract; and wrongful dishonor of contract. The district court granted summary judgment to IBK, concluding that—among other things—there was no material issue of fact regarding whether the parties canceled the original LC or whether Franklin failed to adequately present the requisite documents under the original LC to receive the funds. On appeal, in its original brief, Franklin challenged only the district court's findings as to these two issues.[2]

"This court reviews a grant of summary judgment *de novo*, applying the same standard as the district court." *Romero v. City of Grapevine*, 17-10083, 2018 WL 1885545, at \*3 (5th Cir. Apr. 20, 2018). We find no error in either of the district court's findings at issue on appeal. Although Franklin's letter to IBK purported to be a presentation, it did not include or even reference any of the documents required by the LC. Franklin cites a district court opinion that relies on the Uniform Customs and Practices for Documentary Credit (UCP or UCP 600)[3] for the proposition that the issuer of a letter of credit must give notice of its decision to refuse letters of presentment and state any discrepancies with the presentment and the LC. *Agri Exp. Coop. v. Universal Sav. Ass'n*, 767 F. Supp. 824, 828 (S.D. Tex. 1991). But here Franklin never presented *any* of the required documents. *See* UCP 600 art. 2. The UCP places no obligation on IBK to explain discrepancies or its decision to refuse the purported letter of presentment under these circumstances.

Franklin sought to introduce parol evidence that Franklin argues shows that the parties did not intend to cancel the LC. The court may not consider parol evidence when the agreement is unambiguous. *See Bailey v. Kliebert*

---

[2] In its reply brief, Franklin further raised other issues the district court rejected below when granting summary judgment for IBK. "This Court will not consider a claim raised for the first time in a reply brief." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). We do not address these issues.

[3] The parties' application for the LC states it is subject to the UCP.

No. 17-40838

*Dev., LLC*, No. 14-15-00984-CV, 2017 WL 924484, at \*6 (Tex. App. Mar. 7, 2017) ("When a contract is unambiguous, we must enforce it as written without considering parol evidence. . . ."). The district court correctly concluded that the language of the amendment canceling the LC is unambiguous. And once the bank cancelled the LC, it had no duty to subsequently issue a new LC. *See* UCP 600 art. 10.

Granting summary judgment for IBK was appropriate. We AFFIRM the district court.